UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
IN ADMIRALTY

Case No.:

IN RE:

PETITION OF MAD TOYZ III, LLC, as titled owner of and for one 2018 38' Statement 380 Open Motorboat bearing hull identification number STTEB112L718, her engines, tackle, and appurtenances, and

JEFFRY KNIGHT, as owner *pro hac vice* of and for one 2018 38' Statement 380 Open Motorboat bearing hull identification number STTEB112L718, her engines, tackle, and appurtenances, for Exoneration from or Limitation of Liability,

        Petitioners.                              /

## PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Petitioners, MAD TOYZ III, LLC, as titled owner of and for one 2018 38' Statement 380 Open Motorboat bearing hull identification number STTEB112L718, her engines, tackle, and appurtenances, and JEFFRY KNIGHT, as owner *pro hac vice* of and for one 2018 38' Statement 380 Open Motorboat bearing hull identification number STTEB112L718, her engines, tackle, and appurtenances, hereby file this Petition for Exoneration From or Limitation of Liability pursuant to § 30501 *et seq.* of Title 46 of the United States Code, Supplemental Rule F, and Local Admiralty Rule F, and, in support thereof, alleges as follows:

1. This is a claim within the admiralty and maritime jurisdiction of this Court, as hereinafter more fully appears.

2. Subject matter jurisdiction arises under 28 U.S.C. § 1333 and 46 U.S.C. § 30501 *et seq.*

3. This is a claim within the admiralty and maritime jurisdiction of this Court and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

4. The events, acts and circumstances giving rise to this action allegedly occurred over navigable waters of the United States, at or near the intercoastal waterway west of the Dick Misner Bridge, Pinellas County, Florida.

5. At all times pertinent hereto, Petitioner, Mad Toyz III, LLC ("Mad Toyz") is, and was, the titled owner of the vessel, M/Y "KNIGHT LIFE" – one 2018 38' Statement 380 Open Motorboat bearing hull identification number STTEB112L718 ("Vessel") at the time of the below described incident.

6. At all times pertinent hereto, Petitioner, Jeffry David Knight ("Knight") is, and was, the owner *pro hac vice* of the Vessel at the time of the below described incident.

7. Petitioners, Mad Toyz and Knight (collectively "Petitioners"), seek exoneration pursuant to Supplemental Rule F(2) and, in alternative, seek to claim and invoke the rights, privileges, remedies and procedures of the Shipowners Limitation of Liability Act, Title 46, U.S. Code Section 30501 *et seq*.

8. At all times material prior to the incident, Petitioners exercised due diligence to make the Vessel seaworthy in all respects and to properly man, equip, outfit and supply the Vessel with suitable machinery, apparel, appliances, personnel and other appropriate and necessary equipment, all in good condition and suitable for his intended operations.

9. At all times material hereto, Petitioners were qualified, properly trained, and experienced in the use and operation of the Vessel.

10. On or about September 2, 2019, the Vessel was operated at or near the intercoastal waterway west of the Dick Misner Bridge, Pinellas County, Florida, wherein it collided with one 2019 21' Bennington Marine Open pontoon boat bearing hull identification number ETWG7507K819, resulting in alleged injuries to Jacqueline Strehling, Natalie Strehling, and Nadine Rusli (the "Incident").

11. The Vessel is alleged to have been in navigable waters at the time of the Incident.

12. As a result of the alleged Incident, Jacqueline Strehling, Natalie Strehling, and Nadine Rusli (collectively "Potential Claimants") have, will, or may make claim(s) for damages from Petitioners.

13. Specifically, Potential Claimants, Jacqueline Strehling and Natalie Strehling gave first written notice to Petitioners on or about January 10, 2020 and filed a lawsuit on March 12, 2020, styled *Strehling et al v. Mad Toyz III, LLC and Jeffry David Knight*, Case No. 20-CV-001284, currently pending In the Circuit Court of the Sixteenth Judicial Circuit In and For Pinellas County, Florida.

14. Petitioners are otherwise unaware of any other current demands, written notices, actions or proceedings as a result of the Incident.

## COUNT I – EXONERATION OF JEFFRY KNIGHT

15. Petitioner, Knight, reasserts and re-alleges each and every allegation set forth in paragraphs one (1) through fourteen (14) above as if more fully set forth at length herein.

16. At all times material prior to the alleged Incident, Knight exercised due diligence to make the Vessel seaworthy in all respects and to properly man, equip, outfit and supply the Vessel with suitable engines, machinery, apparel, appliances, personnel and other appropriate and necessary equipment, all in good condition and suitable for his intended operations.

17. The Vessel was, at all times relevant to the alleged Incident described herein, completely seaworthy and free of any defect or deficiency in her hull, equipment and machinery.

18. Knight employed regular inspection practices to ensure the Vessel was properly equipped and outfitted at all times material to the subject Incident.

19. There was no negligence on the part of Knight that caused or contributed to any alleged injury or loss or damage sustained the Potential Claimants or any other potential claimant herein.

20. At all times material hereto, Knight exercised reasonable care under circumstances.

21. The Vessel at all times material to this action was reasonably manned, utilized and operated.

22. Pursuant to Supplemental Rule F, Knight alleges he is entitled to exoneration as to any alleged damage sustained by the Potential Claimants or any other potential claim arising from the Incident as said damage was not the result of any fault or neglect attributable to Knight.

WHEREFORE, pursuant to the provisions of Supplemental Rule F(2), JEFFRY KNIGHT must be exonerated from all fault and legal responsibility for said incident.

## COUNT II – EXONERATION OF MAD TOYZ III, LLC

23. Petitioner, Mad Toyz, reasserts and re-alleges each and every allegation set forth in paragraphs one (1) through fourteen (14) above as if more fully set forth at length herein.

24. At all times material prior to the alleged Incident, Mad Toyz exercised due diligence to make the Vessel seaworthy in all respects and to properly man, equip, outfit and supply the Vessel with suitable engines, machinery, apparel, appliances, personnel and other appropriate and necessary equipment, all in good condition and suitable for his intended operations.

25. The Vessel was, at all times relevant to the alleged Incident described herein, completely seaworthy and free of any defect or deficiency in her hull, equipment and machinery.

26. Mad Toyz employed regular inspection practices to ensure the Vessel was properly equipped and outfitted at all times material to the subject Incident.

27. There was no negligence on the part of Mad Toyz that caused or contributed to any alleged injury or loss or damage sustained the Potential Claimants or any other potential claimant herein.

28. At all times material hereto, Mad Toyz exercised reasonable care under circumstances.

29. The Vessel at all times material to this action was reasonably manned, utilized and operated.

30. Pursuant to Supplemental Rule F, Mad Toyz is entitled to exoneration as to any alleged damage sustained by the Potential Claimants or any other potential claim arising from the Incident as said damage was not the result of any fault or neglect attributable to Mad Toyz.

WHEREFORE, pursuant to the provisions of Supplemental Rule F(2), MAD TOYZ III, LLC must be exonerated from all fault and legal responsibility for said incident.

### COUNT III – LIMITATION OF LIABILITY OF JEFFRY KNIGHT

31. Petitioner, Knight, reasserts and re-alleges each and every allegation set forth in paragraphs one (1) through fourteen (14) above as if more fully set forth at length herein.

32. Pursuant to 46 U.S.C. §§ 30505 and 30511, Knight, in the alternative, is entitled to limitation to the amount or value of the interest of Petitioner, Knight, in the Vessel following the Incident resulting in a fatality, personal injuries, and property damages or other potential claims

arising from the Incident as the Incident occurred without the privity or knowledge of Knight within the meaning of 46 U.S.C. § 30505.

33.  The Vessel was within the jurisdiction of this Court at the time of the Incident.

34.  Knight avers the value of the Vessel at the time of the Incident is no more than Three Hundred Twenty-Five Thousand Dollars ($325,000.00) as reflected in the Ad Interim Stipulation of Value and Stipulation for Costs filed with this Court.

WHEREFORE, Petitioner, Jeffry Knight, prays:

a.  This Honorable Court will enter an Order directing the issuance of a Monition to all persons, firms and corporations claiming damages for any and all losses, damages or injuries done, occasioned, sustained, or incurred by reason of the events described in this Petition, citing them to appear and answer the allegations of this Petition according to the law and practices of this Honorable Court on or before a date certain and time to be fixed by the Monition;

b.  This Honorable Court enter an Injunction restraining the further prosecution and/or commencement hereafter of any and all suits, actions or legal proceeding of any nature or description already begun to recover damages arising out of, occasioned by or consequent upon the Incident as set forth in this Petition, except in the present proceeding;

c.  This Honorable Court approve the Ad Interim Stipulation for Value filed with the Court as security for the potential claims subject to the Claimants' right to challenge the security as permitted by the Supplemental Rules and Local Admiralty Rules;

    d.    This Honorable Court adjudge and decree:

        i.    That Jeffry Knight is not liable to any extent, but is exonerated from any responsibility, loss, damage, or injury, nor for any claim whatsoever in any way arising out of the Incident; or

        ii.    That if Jeffry Knight shall be judged liable, then such liability shall be limited to the value of his interest in the Vessel immediately following the Incident and be divided in accordance with the Claimants as may duly prove their claims, saying to all parties any priorities that they may be legally entitled and that a decree may be entered discharging Jeffry Knight of all further liability;

    e.    That Jeffry Knight may have such other and further relief as this Court deems just and proper.

### Count IV – Limitation of Liability of Mad Toyz III, LLC

30. Petitioner, Mad Toyz, reasserts and re-alleges each and every allegation set forth in paragraphs one (1) through fourteen (14) above as if more fully set forth at length herein.

31. Pursuant to 46 U.S.C. §§ 30505 and 30511, Mad Toyz, in the alternative, is entitled to limitation to the amount or value of the interest of Petitioner, Mad Toyz, in the Vessel following the Incident resulting in a fatality, personal injuries, and property damages or other potential claims arising from the Incident as the Incident occurred without the privity or knowledge of Mad Toyz within the meaning of 46 U.S.C. § 30505.

32. The Vessel was within the jurisdiction of this Court at the time of the Incident.

33. Mad Toyz avers the value of the Vessel at the time of the Incident is no more than than Three Hundred Twenty-Five Thousand Dollars ($325,000.00) as reflected in the Ad Interim Stipulation of Value and Stipulation for Costs filed with this Court.

WHEREFORE, Petitioner, Mad Toyz III, LLC, prays:

a. This Honorable Court will enter an Order directing the issuance of a Monition to all persons, firms and corporations claiming damages for any and all losses, damages or injuries done, occasioned, sustained, or incurred by reason of the events described in this Petition, citing them to appear and answer the allegations of this Petition according to the law and practices of this Honorable Court on or before a date certain and time to be fixed by the Monition;

b. This Honorable Court enter an Injunction restraining the further prosecution and/or commencement hereafter of any and all suits, actions or legal proceeding of any nature or description already begun to recover damages arising out of, occasioned by or consequent upon the Incident as set forth in this Petition, except in the present proceeding;

c. This Honorable Court approve the Ad Interim Stipulation for Value filed with the Court as security for the potential claims subject to the Claimants' right to challenge the security as permitted by the Supplemental Rules and Local Admiralty Rules;

d. This Honorable Court adjudge and decree:

   i. That Mad Toyz III, LLC is not liable to any extent, but is exonerated from any responsibility, loss, damage, or injury, nor for any claim whatsoever in any way arising out of the Incident; or

      ii. That if Mad Toyz III, LLC shall be judged liable, then such liability shall be limited to the value of his interest in the Vessel immediately following the Incident and be divided in accordance with the Claimants as may duly prove their claims, saying to all parties any priorities that they may be legally entitled and that a decree may be entered discharging Mad Toyz III, LLC of all further liability;

e. That Mad Toyz III, LLC may have such other and further relief as this Court deems just and proper.

Dated: April 20, 2020.

                                              Respectfully submitted,

**DAVANT LAW, P.A.**
Attorneys for Petitioners
401 East Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
Telephone: (954) 414-0400
Facsimile: (954) 332-2301

By:*/s/ Charles S. Davant*
Charles S. Davant
Florida Bar No. 15178
csd@davantlaw.com
Patrick J. Ryan
Florida Bar No. 1011099
pjr@davantlaw.com