UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
IN ADMIRALTY

CASE NO.: 8:20-cv-00911-MSS-AAS

IN RE:

**PETITION OF MAD TOYZ III, LLC**, as titled owner of and for one 2018 38' Statement 380 Open Motorboat bearing hull identification number STTEB112L718, her engines, tackle, and appurtenances, and

**JEFFRY KNIGHT**, as owner *pro hac vice* of and for one 2018 38' Statement 380 Open Motorboat bearing hull identification number STTEB112L718, her engines, tackle, and appurtenances, for Exoneration from or Limitation of Liability,

                Petitioners.
_____/

**RESPONDENT/CLAIMANT'S, NADINE SARAH RUSLI,
ANSWER AND AFFIRMATIVE DEFENSES TO
PETITIONERS' COMPLAINT FOR
EXONERATION FROM OR LIMITATION OF LIABILITY [D.E. 16]**

**COMES NOW**, Respondent/Claimant, NADINE SARAH RUSLI, by and through the undersigned counsel and files her Answer and Affirmative Defenses to Petitioners' Amended Complaint for Exoneration from or Limitation of Liability[1] under the said Rules, and she responds:

1. ADMITTED that the subject Petition is allegedly being brought pursuant to the Court's Admiralty jurisdiction.

2. ADMITTED that Petitioners allege that Subject Matter Jurisdiction arises under 28 U.S.C. § 1333 and 46 U.S.C. § 30501 et seq., otherwise denied.

---

[1] Claimant's Answer and Affirmative Defenses is filed without prejudice to the pending Motion to Dismiss [D.E. 19] and Claimant's Joinder and Adoption of Claimants' Motion to Dismiss [D.E. 39] as Claimant reaffirms that the subject Amended Petition for Exoneration From and Limitation Of Liability is defective, untimely, and legally invalid.

3. ADMITTED that Petitioners purport to allege a claim within the admiralty and maritime jurisdiction of this Court and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, otherwise denied.

4. ADMITTED that the subject marine collision occurred at or near the intercoastal waterway west of the Dick Misener Bridge, Pinellas County, Florida. All remaining allegations of this paragraph are denied.

5. Respondent/Claimant is without specific knowledge regarding the ownership of the at issue vessel at the time of the collision; therefore as to that allegation, it is DENIED and strict proof thereof is demanded. If it is proven that MAD TOYZ III, LLC, owned the subject vessel at the time of the collision, then it is further acknowledged that JEFFRY KNIGHT was the principal and owner of MAD TOYZ III, LLC, and was at the helm of the subject vessel at the time of the collision and thus JEFFRY KNIGHT's negligence is imputed to MAD TOYZ III, LLC, which was in privity with JEFFRY KNIGHT as a matter of law.

6. Claimant, NADINE SARAH RUSLI, is without sufficient information and knowledge, therefore DENIED.

7. This allegation is not stated as requiring admission; it is therefore DENIED.

8. DENIED.

9. DENIED.

10. ADMITTED.

11. ADMITTED.

12. ADMITTED that NADINE SARAH RUSLI has a claim for damages and that NADINE SARAH RUSLI sent proper and sufficient written notification of her claim to Petitioners more than six months prior to their filing the subject Petition for Exoneration or for Limitation of Liability and thus the subject petition is time barred as to the instant claimant.

13. Petitioner, NADINE SARAH RUSLI, is without specific knowledge with regard to this allegation; it is therefore, DENIED. However, Petitioner, NADINE SARAH RUSLI, sent proper and sufficient written notification of her claim to Petitioners more than six months prior to their filing the subject Petition for Exoneration or for Limitation of Liability and thus the subject petition is time barred as to all claimants.

14. DENIED as phrased in that NADINE SARAH RUSLI sent proper and sufficient written notification of her claim to Petitioners more than six months to prior their filing the subject Petition for Exoneration or for Limitation of Liability and said notice was sufficient to put Petitioners on notice that NADINE SARAH RUSLI's claim alone *would* exceed the post-loss value of the subject vessel.

15. Claimant, NADINE SARAH RUSLI, is without sufficient information and knowledge, therefore DENIED.

16. This allegation is not stated as requiring admission; it is therefore DENIED.

17. DENIED.

18. Claimant, NADINE SARAH RUSLI, is without sufficient information and knowledge, therefore DENIED.

19. Claimant, NADINE SARAH RUSLI, is without sufficient information and knowledge,

therefore DENIED.

20. DENIED.

21. DENIED.

22. DENIED.

23. DENIED.

24. This allegation is not stated as requiring admission; it is therefore DENIED.

25. DENIED.

26. Claimant, NADINE SARAH RUSLI, is without sufficient information and knowledge, therefore DENIED.

27. Claimant, NADINE SARAH RUSLI, is without sufficient information and knowledge, therefore DENIED.

28. DENIED.

29. DENIED.

30. DENIED.

31. DENIED.

32. This allegation is not stated as requiring admission; it is therefore DENIED.

33. DENIED.

34. ADMITTED.

35. Claimant, NADINE SARAH RUSLI, is without sufficient information and knowledge, therefore DENIED.

36. [sic, incorrectly labeled as ¶ 30] This allegation is not stated as requiring admission; it is

therefore DENIED.

37. [sic, incorrectly labeled as ¶ 31] DENIED.

38. [sic, incorrectly labeled as ¶ 32] ADMITTED.

39. [sic, incorrectly labeled as ¶ 33] Claimant, NADINE SARAH RUSLI, is without sufficient information and knowledge, therefore DENIED.

## GENERAL DENIAL

40. All allegations in the Amended Petition for Exoneration or for Limitation from Liability not otherwise specifically ADMITTED above are DENIED.

## AFFIRMATIVE DEFENSES

41. **First Affirmative Defense**. The Respondent/Claimant, contests Petitioners' claim to exoneration from and/or limitation of liability, on the grounds that, *inter alia*, Petitioners, their captain, and/or their crew were themselves negligent and furthermore, had privity of knowledge of the event which caused Respondent/Claimant's injuries. As such, 46 U.S.C. §30501, et seq. is inapplicable to the vessel in contention, that the intent and equitable interpretation of the same precludes the Petitioners from assuming the protections and limitations of the Act.

42. **Second Affirmative Defense**. The incident described in the Complaint occurred with the privity and knowledge of the owner, its agents, officers, managing directors, employees, and Captain, among others, because the Petitioners and said persons knew, among other things, that the vessel was not seaworthy, knew or should have known that the Captain was not qualified, or fit, to operate the boat, and failed to provide qualified personnel to operate the vessel. Petitioners made a conscious and informed decision to operate the vessel in the

face of known dangers. Therefore, the vessel was unseaworthy at the inception of the voyage. Petitioners committed the following negligent acts:

    a. The vessel was not captained by a person competent, or fit, to undertake such operation.

    b. The vessel was not crewed by persons competent, or fit, to undertake such operations.

    c. The vessel was not properly equipped for its intended purpose and had defective, dangerous, inadequate, dangerous and faulty equipment, and/or was missing equipment,

    d. The vessel was not fit for its intended purpose.

43. **Third Affirmative Defense**. Pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all state law remedies, Respondent/Claimant/Nadine Rusli, in filing this Answer and Claim, reserves all rights to pursue all available claims in the forum of her choosing, including state court, for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court, and to have such claims and related damages tried to a jury. The filing of this Answer and Claim <u>in no way constitutes a waiver</u> of the rights and defenses, and Respondent/Claimant does not, through this filing, agree to join all issues in this proceeding.

44. **Fourth Affirmative Defense**. Without prejudice to the pending Motion to Dismiss [D.E. 19], Petitioners failed to file the Complaint within six (6) months of first written notice of claim. Therefore, subject matter jurisdiction is lacking for this limitation action.

45. **Fifth Affirmative Defense**. The limitation fund is inadequate, and the Amended Complaint should be dismissed because the Petitioners have failed to deposit adequate security equal to the value of the boat. Therefore, the limitation fund is inadequate.

46. **Sixth Affirmative Defense**. Respondent/Claimant avers that all insurance amounts providing coverage for Petitioners, for the events and occurrences of the incident at issue, should be included in the limitation fund in the event that the Petitioners prevail in this limitation of liability proceeding, which Respondent/Claimant denies is appropriate for all the reasons stated herein.

47. **Seventh Affirmative Defense**. The Limitation of Liability Act 46 U.S.C. §30501, et. seq. is unconstitutional and discriminatory in that it favors vessel owners over claimants and deprives claimants of property rights without due process of law, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States.

48. **Eighth Affirmative Defense**. Petitioners are not entitled to exoneration or limitation of liability because Petitioners failed to comply with applicable navigation rules and regulations, and/or laws of the United States of America, and/or the State of Florida, and the violation thereof constitutes negligence *per se*, including but not limited to Failure To Keep A Proper Lookout, Failure to operate at a safe speed under the circumstances, Failure to Properly Overtake another vessel, Failure to signal before overtaking another vessel, etc.

49. **Ninth Affirmative Defense**. To the extent that this Honorable Court determines that the Limitation of Liability Act applies to this case, the limitation fund should include any and all proceeds from any judgment, award, or settlement which may be received by Petitioners from any third party in recompense of any and all damages related to this action.

50. **Tenth Affirmative Defense**. Petitioners' Amended Petition for Exoneration from or

Limitation of Liability is frivolous and lacks any justiciable issue as a matter of fact and law as Petitioners have **actual** knowledge that JEFFRY KNIGHT was negligent at all pertinent times and was at the helm of his vessel at the time of such negligence resulting in the subject maritime collision and thus the subject petition is legally insufficient and improper.

**WHEREFORE**, Respondent/Claimant, NADINE SARAH RUSLI, respectfully requests this Court enter an Order DENYING Petitioners' Amended Petition for Exoneration From or Limitation of Liability and that the Court award to Respondent/Claimant any and all damages allowed by law or equity that this Court deems appropriate, including any and all attorneys' fees and costs associated with this action, but that the Court find the Respondent/Claimant reserves her right to a forum of her choosing in order to bring her damages before the trier of fact of her choice.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on this 15th day of July, 2020, on counsel or parties of record in the Service List below either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> Frank D. Butler, Esq.
> FBN: 940585
> fdblawfirm@aol.com
> Kelly Ann L. May, Esq.
> FBN: 59286
> kmay@fightingforfamilies.com
> Frank D. Butler, P.A.
> 10550 US Highway 19 North
> Pinellas Park, FL 33782
> Phone: 727-399-2222
> Fax: 727-399-2202
> Service: courtdocserve@fdblawfirm.com
> Secondary: kmay@fightingforfamilies.com
> jseigler@fightingforfamilies.com
> *Attorneys for Respondents*
> *Nadine Sarah Rusli and*
> *Erwin P. Rusli*
>
> /s/ *Kelly Ann L. May, Esquire*
> Kelly Ann L. May, Esq.

**SERVICE LIST**

Charles S. Davant
Florida Bar No. 15178
csd@davantlaw.com
Patrick J. Ryan
Florida Bar No. 1011099
pjr@davantlaw.com
DAVANT LAW, P.A.
Attorneys for Petitioners
401 East Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
Telephone: (954) 414-0400
Facsimile: (954) 332-2301
Counsel for Petitioners
MAD TOYZ III, LLC, and JEFFRY KNIGHT

Edward R. Blumberg, Esq.
Fla. Bar. No. 190870
erb@deutschblumberg.com
Deutsch Blumberg
& Caballero, P.A.
New World Tower
100 North Biscayne Blvd, Ste. 2802
Miami, Florida 33132
Tel: (305) 358-6329
Fax: (305) 358-9304
Counsel for Respondents/Claimants
Natalie Strehling and Jacqueline Strehling