UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
IN ADMIRALTY

Case No.: 8:20-cv-00911 SCRIVEN/SANSONE

IN RE:

PETITION OF MAD TOYZ III, LLC, as titled owner of and for one 2018 38' Statement 380 Open Motorboat bearing hull identification number STTEB112L718, her engines, tackle, and appurtenances, and

JEFFRY KNIGHT, as owner *pro hac vice* of and for one 2018 38' Statement 380 Open Motorboat bearing hull identification number STTEB112L718, her engines, tackle, and appurtenances, for Exoneration from or Limitation of Liability,

      Petitioners.                                    /

## RESPONSE IN OPPOSITION TO MOTION FOR SANCTIONS

Petitioners, MAD TOYZ III, LLC, and JEFFRY KNIGHT, hereby file this Response in Opposition to Nadine Rusli and Erwin Rusli's Motion for Sanctions, and in opposition thereto state as follows:

Petitioners file this response in opposition to Nadine Rusli and Erwin Rusli's Motion for Sanctions (the "Ruslis' Motion") (DE 92) and respectfully request that this Court deny the Ruslis' Motion in all respects.

Like Natalie Strehling and Jacqueline Strehling's Motion for Sanctions (the "Strehlings' Motion") (DE 91), the Ruslis' Motion is both procedurally and

substantively improper and must be denied. Procedurally, the Ruslis both failed to file the same motion for sanctions they previously served under Rule 11(c)(2) and, in any event, filed their Motion untimely. Substantively, the Ruslis' Motion does not raise any conduct on the part of Petitioners that warrants sanctions under Fed. R. Civ. P. 11 or 28 U.S.C. § 1927. Rather, the Ruslis' Motion merely adopts and joins the Strehlings' Motion (DE 91) and proceeds to briefly summarize the arguments made by the Strehlings. *See* generally, DE 92.

However, these arguments have been extensively briefed in Petitioners' Response in Opposition to Natalie Strehling and Jacqueline Strehling's Motion for Sanctions (the "Petitioners' Response to the Strehlings' Motion") (DE 95) filed on February 24, 2021. Accordingly, Petitioners hereby incorporate and reassert as if more fully set forth at length herein, their Response to the Strehlings' Motion (DE 95).

1. **The Ruslis' Motion is Procedurally Deficient and Must be Denied**

The Ruslis' Motion suffers the same procedural deficiencies as the Strehlings' Motion for Sanctions. *See* DE 91. Like the Strehlings' Motion, the Ruslis' Motion is procedurally deficient because the Ruslis failed to comply with the safe harbor provisions of Rule 11(c)(2). As such, the Petitioners hereby incorporate by reference, their legal argument related to the procedural deficiencies in their Response to the Strehlings Motion. *See* Petitioners' Response, DE 95, § 2.2.

Specific to the Ruslis' Motion, the Ruslis purported Motion for Rule 11 Sanctions sent to Counsel for Petitioner Knight on November 17, 2020 is substantially *different* from the instant Motion for Sanctions filed with this Court. *See* DE 92-1, pp.

2

4-12. The Ruslis' Rule 11 motion served on November 17, 2020 was 12 pages in length, made no reference to any other Rule 11 motions, and contained no exhibits or citation to deposition testimony. *See id*. In contrast, the Ruslis' Motion as filed is now 8 pages in length, cites to the deposition of Petitioner Knight, and joins and adopts the Strehlings' Motion for Sanctions, which itself is 15 pages in length, contains 104 pages of exhibits, and relies almost exclusively on citation to deposition testimony of Petitioner Knight – an event which took place on December 1, 2020 and *after* both the Ruslis Motion and the Strehlings' Motion was served, and the safe-harbor clock had already started to run. *See* generally, the Ruslis' Motion, DE 92; the Strehlings' Motion, DE 91. For this reason alone, the Ruslis have not satisfied either the strict or substantial compliance for the safe-harbor provision of Rule 11(c) and, therefore, the Ruslis' Motion must be denied.

Additionally, the Ruslis' Motion is procedurally deficient because it was untimely filed. Specifically, this Court entered its Order dismissing the amended petition on January 27, 2021. *See* DE 89. The Ruslis did not file their Motion until February 10, 2021. *See* DE 92. Consequently, the Ruslis' Motion must be denied as untimely for the same reasons set forth in the Petitioners' Response to the Strehlings Motion. *See* Petitioners' Response, DE 95, § 2.2.

   **2. Sanctions under Rule 11 and 28 U.S.C. § 1927 are Inappropriate**

Further like the Strehlings' Motion (DE 91), the Ruslis' Motion is substantively deficient because the specific conduct raised does not warrant sanctions under Fed. R. Civ. P. 11 or 28 U.S.C. § 1927. The Petitioners hereby join, adopt, and incorporate by

3

reference, their legal argument related to the substantive deficiencies in their Response to the Strehlings Motion. *See* Petitioners' Response, DE 95, §§ 2.3, 2.4.

### 2.1 Rule 11 Sanctions are Inappropriate

Specific to Rule 11 sanctions, the Ruslis' Motion fails to present any evidence that Petitioners: made false allegations; brought legal arguments they knew would obviously fail; or brought this action with apparent bad faith. *See Gelles v. Skrotsky*, 15 F. Supp. 2d 1293, 1294 (M.D. Fla. 1998).

Notably, the Ruslis' argument that the Petitioners' allegation in the operative amended petition regarding the letters dated September 5, 2019 and September 16, 2019 (DE 16, ¶ 14) is insufficient to warrant Rule 11 sanctions. *See* DE 92, p. 5. As set forth in the Petitioners' Response to the Strehlings Motion, the legal basis for Petitioners claims were made with a reasonable chance of success and were vindicated in Judge Sansone's Report and Recommendation ("R&R"). *See* Petitioners' Response DE 95, § 2.3 (citing R&R, DE 46).

Furthermore, the Ruslis' argument that Petitioner Knight "knew he had been negligent in causing the crash for which this Limitation Action was commenced" is both unsupported by any evidence and insufficient to give rise to Rule 11 Sanctions. DE 92, p. 4. First, the purported evidence the Ruslis cite to, including the December 1, 2020 deposition of Petitioner Knight, **does not** indicate that Jeffrey Knight "knew he was negligent." *See id*. Rather, this argument is merely unsupported conjecture by the Ruslis and vehemently denied by Petitioners. Second, the Ruslis' argument is

improperly raised in a motion for sanctions. *See* Fed. R. Civ. P. 11, Advisory Committee Note, 1993 Amendments (stating that Rule 11 motions "should not be employed as a discovery device or to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes. Nor should Rule 11 motions be prepared to emphasize the merits of a party's position."). Like the Strehlings' Motion, the Ruslis' Motion improperly argues the legal sufficiency of allegations in the Petitioners' pleadings and purports to emphasize the merits of Petitioners' entitlement to exoneration or limitation of liability. *See* generally, DE 92.

At its most basic level, the Ruslis's Motion asserts the same argument of the Strehlings Motion: that the Petitioners claim of exoneration from or limitation of liability is weak. As set forth in the Petitioners' Response to the Strehlings Motion, DE DE 95, § 2.3, however, the Eleventh Circuit has recognized that Rule 11 sanctions "are not warranted when the claimant's evidence is merely weak." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) (citing *Davis v. Carl,* 906 F.2d 533, 537 (11th Cir.1990) (holding that sanctions are not warranted if the claim was brought as a result of "poor judgment") and *Nesmith v. Martin Aerospace*, 833 F.2d 1489, 1491 (11th Cir. 1987) (holding that Rule 11 sanctions were unwarranted where it appeared that the plaintiff brought his claim because he believed he was entitled to relief)). Rather, Rule 11 sanctions may be appropriate where a party exhibits "deliberate indifference" to the facts or the law, *Davis*, 906 F.2d at 537, or were so negligently presented as to warrant sanctions. *See Gelles,* 15 F. Supp. 2d at 1296.

The Ruslis' Motion does not establish conduct of the Petitioners rising to the level of "deliberate indifference" to the facts or the law. *Davis*, 906 F.2d at 537. As such, the Ruslis' Motion for Rule 11 Sanctions must be denied for the reasons stated herein and as set forth in Petitioners' Response to the Strehlings' Motion. DE 95, § 2.3.

### 2.2   Sanctions are inappropriate under 28 U.S.C. § 1927

In addition to the foregoing, the Ruslis' Motion fails to show that Petitioners and their counsel multiplied proceedings or were unreasonable and vexatious in the context of 28 U.S.C. § 1927 sanctions.

As set forth in the Petitioners' Response to the Strehlings Motion, the Petitioners have made no unnecessary filings after the commencing this action that has multiplied these proceedings. *See* Petitioners' Response, DE 95, § 2.4. Rather, the docket in this action shows Petitioners merely filed their Petition and commenced limited motion practice and discovery in accordance with the Federal and Local Rules of Procedure and the deadlines set in this Court's Scheduling Order. *See id*.

Furthermore, the Petitioners' actions do not rise to the level of those that are "unreasonable and vexatious" because Petitioners presented a legal basis for the operative petition for exoneration from or limitation of liability. *See* Petitioners' Response, DE 95, § 2.4.

In light of the foregoing, and as set forth in Petitioners' Response to the Strehlings' Motion (DE 95) the Ruslis' Motion for 28 U.S.C. § 1927 Sanctions must be denied.

WHEREFORE, Petitioners, MAD TOYZ III, LLC and JEFFRY KNIGHT, respectfully request this Court enter an Order denying the Ruslis' Motion Sanctions, and for such other and further relief as this Honorable Court deems just and appropriate under the circumstances.

Dated: February 24, 2021.

        Respectfully submitted,

        **DAVANT LAW, P.A.**
        *Attorneys for Petitioners*
        12 SE 7th Street, Suite 605
        Fort Lauderdale, FL 33301
        Telephone: (954) 414-0400

        By: */s/ Charles S. Davant*
            Charles S. Davant
            Florida Bar No.: 15178
            csd@davantlaw.com
            Patrick J. Ryan
            Florida Bar No. 1011099
            pjr@davantlaw.com